---

## KUINLAM v. MELÉNDEZ.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 31.—Resuelto en mayo 6, 1904.

PRUEBAS—ALEGACIONES.—Los hechos confesados en la demanda y contestación, por la parte a quien perjudiquen, se consideran plenamente probados y sobre ellos no es necesario practicar prueba alguna.

ID.—TESTIGOS.—Las declaraciones de testigos tomados sin los requisitos y formalidades que prescribe la Ley de Enjuiciamiento Civil no pueden producir efecto alguno.

PRESCRIPCIÓN—PAGARÉS DE COMERCIO.—Las acciones procedentes de los pagarés de comercio se extinguen a los tres años contados desde su vencimiento, háyanse o nó protestado.

ID.—PRÉSTAMO MERCANTIL.—Se reputará mercantil el préstamo, cuando uno de los contratanes fuere comerciante y cuando las cosas prestadas se destinaren (*) a actos de comercio.

ID.—OBLIGACIONES PAGADERAS POR AÑOS O EN PLAZOS MÁS BREVES.—Las acciones procedentes de las ·obligaciones pagaderas por años o en plazos más breves, prescriben por el transcurso de cinco años.

ID.—ACCIONES PERSONALES.—Las acciones personales que no tengan señalado término especial de prescripción, prescriben a los quince años.

ID.—Con arreglo al Código de Comercio de 1829, no podía entablarse acción alguna para el cobro o reembolso de las dibranzas y pagarés de comercio después de haber transcurrido cuatro años desde su vencimiento.

ID.—La prescripción comenzada antes de la publicación del Código Civil de 1899, había de regirse por las leyes anteriores al mismo, pero si desde que empezó a regir transcurriese todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto, aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo.

## EXPOSICIÓN DEL CASO.

En el juicio seguido ante el Tribunal de Distrito de Arecibo, entre partes, de la una, Don Gregorio Kuinlam, demandante, y de la otra D. Gumersindo Meléndez, demandado sobre cobro de pesos, cuyo juicio pende ante nos a virtud de recurso de casación por infracción de ley, hoy de apelación, interpuesto por Kuinlam contra la sentencia dictada por dicho tribunal, habiendo representado y defendido ante esta Corte Suprema a la parte recurrente el Letrado D. Rafael López Landrón, sin que haya comparecido la parte recurrida.

*Resultando* que la expresada sentencia copiada a la letra dice así:

"*Sentencia* No. 16. En la villa de Arecibo, a 25 marzo de 1902. Visto por este tribunal de distrito el juicio declarativo seguido por Don Gregorio Kuinlam, vecino de esta villa, representado y defendido por el Letrado Don Manuel O. Figueroa, contra Don Gumersindo Meléndez, vecino de Barros, defendido por el Letrado Don Ramón Nadal Santa Coloma, en cobro de pesos.

"1. *Resultando:* que el Letrado Don Manuel O. Figueroa, acompañando un pagaré suscrito en Manatí a 30 de mayo de 1885 por Me-

léndez Hermanos a favor de Doña Antonia Delgado por la suma de 1,000 pesos, moneda corriente entonces, y endosado por dicha señora a favor de Don Gregorio Kuinlan, en el que confiesa dicha Delgado (*) haber recibido por cuenta del referido pagaré 200 pesos en 31 de julio de aquel año, presentó a este tribunal con fecha 8 de octubre del año próximo pasado, demanda en juicio declarativo a nombre de Don Gregorio Kuinlam contra Don Gumersindo Meléndez, como socio y sucesor de la mercantil que giró en el pueblo de Manatí bajo la razón de Meléndez Hermanos, fundándola, como hechos: en que por documento privado otorgado en el pueblo de Manatí, a 30 de mayo de 1885, la sociedad comercial colectiva denominada Meléndez Hermanos se obligó a pagar a Doña Antonia Delgado del mismo vecindario, o a su orden, la cantidad de 1,000 pesos de la moneda entonces corriente, el día 30 de mayo del año próximo de 1886, siendo convenido amortizar el crédito, entregándole la suma de 100 pesos mensuales, con interés del 1 por ciento hasta extinguir la deuda en el término señalado; que en 31 de julio de 1885 percibió la Sra. Delgado de la sociedad deudora a cuenta del importe de la deuda la suma de 200 pesos de la misma moneda, cuyo recibo estampó al calce de la misma obligación que autorizó, a su ruego Don José A. Espínola, colector de rentas internas que fué de Manatí, hoy difunto, y continuó percibiendo el interés convenido del 1 por ciento mensual por los 800 pesos restantes del pagaré, a que quedó reducido el crédito, hasta el 31 de mayo de 1887; que el día 30 de junio de dicho año, la acreedora Delgado endosó a la orden de su representado Sr. Kuinlam el pagaré por los 800 pesos, con más los intereses que desde el referido mes de junio inclusive le adeudaba la sociedad Meléndez Hermanos, cuyo endoso suscribió a su ruego por no saber firmar el mismo Sr. Don. José A. Espínola y que ocurrido el fallecimiento de Don José Elías Meléndez socio de la mercantil deudora, el otro socio, Don Gumersindo Meléndez le sucedió en los bienes y obligaciones de la sociedad, sin que hasta la fecha haya hecho efectiva la obligación que aquella suscribió a favor de la Sra. Delgado y que hoy corresponde a Don Gregorio Kuinlan, ni los intereses convenidos. Como fundamentos de derecho citó los artículos 1, 170, 1108 y 1112 del Código Civil, 127, 461 y 533 del Código Mercantil, inciso 5º. del 459 y regla 1ª. del 62 de la Ley de Enjuiciamiento Civil, y el 63 de la Orden General 118; y termina solicitando en definitiva se condene a Don Gumersindo Meléndez, como socio sucesor de la mercantil Meléndez Hermanos a que pague a su representado Don Gregorio Kuinlam, como endosatario del pagaré acompañado, en el término de 3º. día, la can-

tidad de 1,240 pesos 32 centavos moneda americana por capital e intereses convenidos al 1 por ciento mensual hasta el 30 de septiembre del año próximo pasado, con más los (*) intereses de los intereses desde el día de la interposición de la demanda hasta el de su efectivo pago, y las costas; y por un otrosí pidió que toda vez que la Sra. Delgado era de una edad muy avanzada y se encontraba enferma, cuyas dolencias ponían en peligro su vida, y amparado de la disposición que entraña el artículo 501 de la ley, se recibiera declaración en su morada a dicha señora, acerca del recibo a cuenta del pagaré de los 200 pesos y su endoso a favor del actor por el resto de la deuda y sus intereses.

"2. *Resultando:* que admitida la demanda se comisionó al Juez Municipal de Manatí para recibir la declaración a la Sra. Delgado, y se dió traslado de la misma, con emplazamiento por el término de ley, al demandado Don Gumersindo Meléndez, que la contestó por medio del Letrado Don Ramón Nadal Santa Coloma, alegando como hechos: que la sociedad mercantil que existió en Manatí hasta noviembre de 1885, era deudora de Don Salvador Calaf, vecino de aquel pueblo, por la suma de 1,033 pesos mejicanos, procedentes de un préstamo hecho a dicha sociedad por el Sr. Calaf, con la garantía de Doña Antonia Delgado, convecina de aquéllos, satisfaciendo dicha señora el crédito a Calaf y quedando constituída en acreedora de Meléndez Hermanos por la suma de 1,000 pesos de aquella moneda; que el 21 de agosto de 1885 falleció el socio gestor de dicha mercantil Don José Elías Meléndez, y al siguiente día de dársele sepultura, presentóse en la casa comercial ya citada el Escribano de Actuaciones de esta villa Don José Lorenzo Casalduc acompañado de un alguacil, y trabó embargo en los bienes de la casa por cuenta de la mercantil de San Juan S. Melón y Ca. por un crédito de 577 pesos 72 centavos; que por dicho embargo, la mercantil Meléndez Hermanos viése obligada a convocar a sus acreedores para el pago amistoso de sus deudas, y no pudiendo llevarse a efecto dicho convenio, presentóse la casa en quiebra, incautándose el Juzgado de 1ª. Instancia de todos las existencias, activo y pasivo de la quiebra, subastándose las existencias y rematándose en 3,000 pesos por la mercantil de Manatí F. Benero y Ca.; que a virtud de la quiebra dejó de existir en noviembre de 1885 la mercantil Meléndez Hermanos de la que fué también socio gerente el demandado; que a partir de aquella fecha en que por la quiebra fueron embargados todos los bienes de la referida mercantil a los acreedores de la misma, su representado no ha vuelto a ejercer el comercio; que ni un sólo acreedor de los Sres. Meléndez Hermanos

ha ·interpuesto nunca, desde aquella fecha a la presente, reclamación alguna contra su representado, ni mucho (*) menos Doña Antonia Delgado, ni el demandante Don Gregorio Kuinlam; y que su representado no adeuda nada ni a dicha señora ni a Kuinlam, y como socio gestor que fuera de la mercantil Meléndez Hermanos tampoco es responsable de la deuda que se reclama, desde el momento que dicha sociedad fué declarada en quiebra y sus bienes incautados, subastados y entregados a los acreedores, y, aunque así no hubiera sido, la referida mercantil dejó de existir y la acción que contra sus socios tuvieran o pudieran tener los acreedores de aquélla, ya ha prescrito. Como fundamentos de derecho, citó los artículos 311, 874, 875, 883, 884, 942, 944, 949 y 950 del Código de Comercio; y termina solicitando se declare sin lugar la demanda, con costas al actor.

"3. *Resultando:* que convocadas las partes a una comparecencia para proponer pruebas, que se señaló para el 3 de diciembre último, fué suspendido el acto a instancia de las partes, señalándose nuevamente para el 24 de enero, del corriente año, y como no concurrieran las partes el nuevo día señalado, a pesar de estar citadas en forma, el tribunal, de acuerdo con lo dispuesto en la regla 54 de la Orden General número 118, señaló para la celebración de la vista pública el 26 de febrero para cuyo día solicitó la parte actora, se citara al demandado, al objeto de absolver posiciones, y como ambas partes solicitaran de común acuerdo la suspensión de la vista, señaló nuevamente para el 19 de los corrientes.

"4. *Resultando:* que habiendo solicitado la parte actora la nueva citación del demandado para absolver posiciones en el acto de la vista, se declaró por el tribunal en providencia de 12 de los corrientes, no haber lugar a ello, por no haberse propuesto en tiempo dicha prueba, de cuya providencia interpuso reposición la parte actora, y se dió traslado por tres días a la parte contraria con fecha 18 del actual.

"5. *Resultando:* que el día señalado para la vista tuvo lugar el acto con asistencia de las partes, manifestando la actora que habiendo interpuesto reposición de la providencia de 12 del corriente, y conferido traslado a la parte contraria, solicitaba que en aquél hiciera las manifestaciones oportunas para que se resolviera dicho recurso; y concedida la palabra al Letrado Sr. Nadal impugnó dicho recurso por no ser admisible esa prueba, con arreglo a la Orden General 118, y el tribunal, previa deliberación, declaró no haber lugar a la reposición solicitada; y concedida nuevamente la palabra a los letrados defensores de las partes, informaron acerca del derecho de sus (*)

representados, terminándose el acto haciéndose constar la protesta formulada por el letrado de la parte actora, por la no admisión de la prueba de confesión; y se señaló para la votacion de la sentencia el día de ayer, en que tuvo lugar el acto sin asistencia de las partes, y votándose en audiencia pública por unanimidad de los jueces.

"6. *Resultando*: que en este juicio se han observado las prescripciones legales. Siendo Ponente para la redacción de esta sentencia el Juez Asociado de este Tribunal Don Juan José Perea y Baster.

"1. *Considerando*: que se interpuso esta demanda en cobro de la suma de 1,240 pesos 32 centavos moneda americana por capital de 800 pesos mejicanos e intereses vencidos, acompañándose como título un pagaré suscrito por Meléndez Hermanos, en Manatí a 30 de mayo de 1885, a favor de Doña Antonia Delgado, por 1,000 pesos de aquella moneda, pagaderos el 30 de marzo de 1886, siendo convenido amortizar el crédito entregándole la suma de 100 pesos mensuales con el interés del 1 por ciento hasta extinguir la deuda en el término señalado, cuyo pagaré endosó la acreedora a favor de Don Gregorio Kuinlam en 30 de junio de 1887.

"2. *Considerando*: que si bien es cierto que el demandado reconoció al contestar la demanda la certeza de la deuda, y por esa circunstancia no se requiere sobre ese extremo otra prueba, ya que la ley estima como probados plenamente los hechos confesados en los escritos de demanda y contestación por la parte a quien perjudiquen, alegó dicho demandado en su contestación la excepción de prescripción.

"3. *Considerando*: que la acción que nace del pagaré presentado para reclamar su importe, ha prescrito por el lapso de tiempo fijado por la ley, contado desde el día en que pudo ejercitarse, ya se le considere de carácter mercantil ya civil.

"4. *Considerando*: que las acciones procedentes de los pagarés de comercio se extingue a los tres años de su vencimiento, háyanse o nó protestado.

"5. *Considerando*: que el pagaré presentado debe reputarse de comercio porque el préstamo se reputa mercantil cuando uno de los contratantes fuere comerciante y cuando los cosas prestadas se destinaren a actos de comercio.

"6. *Considerando*: que los prestatarios fueron en este caso comerciantes, y Meléndez Hermanos, como entidad social, no tenía (*) subsistencia ni fines que llenar fuera de su vida mercantil, y sólo a sus necesidades de esta índole podía dedicar el dinero recibido.

"7. *Considerando*: que aun en el supuesto inaceptable, pero alegado por la parte actora en el acto de la vista, de que el pagaré tuviera carácter civil, también estaría prescrita la acción para reclamar su importe, porque prescribe a los cinco años la acción para exigir pagos, que deben hacerse por años o en plazos más breves, y la obligación que se exige debía pagarse en diez meses a razón de cien pesos mensuales, con sus intereses hasta extinguirla en el término señalado, o sea en 30 de marzo de 1886.

"8. *Considerando:* que aun cuando aplicásemos a este caso el precepto legal sobre prescripciones de acciones personales que no tengan término especial, también habría prescrito, porque desde el 30 de marzo de 1886 hasta el día 8 de octubre de 1901, en que se presentó la demanda, han transcurrido más de quince años.

"9. *Considerando:* que no se ha justificado que posteriormente a la fecha de vencimiento, 30 de marzo de 1886, hubieren hecho pago los deudores de capital ni de interés, pues el abono de 200 pesos que aperece hecho, según nota puesta en el pagaré, fué anterior a esa fecha, y nada dice la declaración prestada por Doña Antonia Delgado, respecto a haber recibido cantidades por intereses con posterioridad a dicha fecha, ni esa declaración, por tratarse de la acreedora y endosante sería prueba suficiente, aun en el caso de que produjera efecto alguno—que no puede producirse—porque el examen de esa testigo no se verificó del modo prevenido en la Ley de Enjuiciamiento Civil, es decir, con citación previa de las partes y las demás formalidades y requisitos que en aquélla se determinan.

"10. *Considerando:* que las costas deben imponerse a la parte cuyas pretensiones hayan sido totalmente desestimadas. Vistos los artículos 1961, 1964, número 3, del 1966 y 1969 del Código Civil, 311 y 950 del Código de Comercio, los 501, 564 y 569 de la Ley de Enjuiciamiento Civil, y las reglas 54, 59 y 63 de la Orden General número 118.

"*Fallamos:* que debemos absolver y absolvemos a Don Gumersindo Meléndez en concepto de socio y sucesor de la mercantil Meléndez Hermanos, de la demanda contra él interpuesta en estos autos por Don Gregorio Kuinlam, a quien condenamos en las costas de este juicio. Así definitivamente juzgando, lo pronunciamos, mandamos y firmamos. Felipe Cuchí, Juan J. Perea, Otto Schoenrich."(*)

*Resultando* que contra esta sentencia interpuso la representación de Don Gregorio Kuinlam recurso de casación por

quebrantamiento de forma y por infracción de ley, y habiendo sido desestimado el primero por sentencia de tres de noviembre de 1902, se sustanció el segundo como de apelación, evacuando ambas partes el trámite de instrucción, la recurrente por medio de su Letrado, y la recurrida en los estrados del Tribunal, después de lo cual se señaló día para la vista que tuvo lugar con asistencia del Letrado de Don Gregorio Kuinlam.

Abogado del apelante: *Sr. López Landrón.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Considerando* que aun aplicando para la decisión del pleito el Código de Comercio de 1829, vigente en la fecha en que fué librado por la sociedad mercantil ''Meléndez Hermanos'' el pagaré de que se trata, habría prescrito la acción ejercitada, con arreglo el artículo 569 de dicho código, según el cual ninguna acción es admisible en juicio para el pago o reembolso de las libranzas y pagarés de comercio después de haber pasado cuatro años desde su vencimiento; y si se aplicara la ley común, también existiría la prescripción como medio de extinguir la obligación derivada del mencionado documento, pues según el artículo 1939 del Código Civil de 1889, la prescripción comenzada antes de la publicación de ese código había de regirse por las leyes anteriores al mismo, pero si desde que fué puesto en observancia transcurriese todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto, aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo.

*Vistos* los textos legales que se dejan citados y los demás que se citan en la sentencia. (*)

*Fallamos:* que debemos confirmar y confirmamos la sentencia dictada por el Tribunal de Distrito de Arecibo en 25

de marzo de 1902, con las costas del recurso también a cargo de la parte apelante; y devuélvanse los autos al expresado tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.